[No. 1142.]

## THE STATE OF NEVADA EX REL. FRANK FREDER-ICKS, RESPONDENT, *v.* MATTHEW CANAVAN ET AL., APPELLANTS.

CITY JAILER—COMMISSIONERS CANNOT APPOINT—STATUTES CONSTRUED.—In construing the statute disincorporating the city of Virginia (Stat. 1881, 79) and the consolidation act (Stat. 1881, 68): *Held*, that the office of city jailer was abolished and that the board of county commissioners have no authority to create the office.

APPEAL from the District Court of the First Judicial District, Storey County.

The facts sufficiently appear in the opinion.

*W. E. F. Deal*, for Appellants.

*Ogden Hiles*, District Attorney of Storey county, and *M. N. Stone*, for Respondent.

By the Court, BELKNAP, J.:

The office of jailer of the city of Virginia was created by an ordinance adopted in conformity with the provisions of the city charter.

Afterwards, and at the session of the legislature of 1881, the charter of the city was repealed and the municipal corporation disincorporated. (Stat. 1881, p. 79.)

Contemporaneous with the approval of the act of disincorporation, an enactment entitled "An act providing for the government of the towns and cities of this state," and commonly known as the consolidation bill, became a law. (Stat. 1881, p. 68.)

Under the provisions of this act, the board of county commissioners of Storey county have proceeded to administer the affairs of the city of Virginia, and, in so doing, have appointed a city jailer.

The question presented by this appeal is whether the law under which the board is acting authorizes such appointment.

The office of city jailer was abolished by section 2 of the act of disincorporation of the city of Virginia, which provides

that "all offices under any incorporation of the city of Virginia are hereby abolished."

The purpose of the legislature to dispense with the office is further manifested in section 10 of the consolidation act, by the requirement that all "commitments of imprisonment shall be directed to the sheriff of the county."

Again, section 22 of this act relates to and contains a limitation upon the authority of the board to appoint officers connected with the police department. It authorizes the board to appoint a chief of police and as many other peace officers as may be necessary, not exceeding seven in number, who are made ex officio collectors of license taxes, and required to perform such police and other duties as may be directed by the board.

The abolition of the office of jailer; the enactment into law of the provision requiring prisoners to be committed to the custody of the sheriff, instead of being imprisoned, as theretofore, in the city jail; the limitation of the authority of the board in the matter of appointments of a kindred nature, as well as the absence of express or implied authority in the premises, clearly indicate an intention on the part of the legislature to withhold the power to create this office.

It is true the consolidation act continues in full force all ordinances of the city of Virginia not inconsistent with law. Many of these ordinances provide punishment for their violation by fine and imprisonment, and, when imprisonment is imposed, the county jail is named as the place of confinement. But from this fact it cannot be successfully maintained that the law contemplates the maintenance of a city jail, and, if of a jail, a jailer.

These ordinances, in so far as they provide the place of imprisonment, have been superseded by the provisions of the statute requiring commitments to run to the sheriff. Disregarding the portion of the ordinances which fixes the place of imprisonment, that which remains is by the aid of the statute directing commitments to run to the sheriff, made capable of enforcement in accordance with the intent with which they were originally adopted.

Some testimony was offered in the court below for the pur-

pose of showing an advantage to the public in maintaining the office of jailer.

Considerations of expediency or convenience can have no weight when the authority of the board is drawn in question.

It is an undisputed proposition of law that the board can exercise only those powers granted in express words, or necessarily implied, or those essential to the declared object and purpose of the corporation, not simply convenient, but indispensable.

The judgment of the district court is affirmed.